HYGEA BREWING COMPANY v. ERIE RAILROAD COMPANY.

Argued February 24, 1908—Decided June 8, 1908.

Process is served on a foreign corporation under section 88 of the Corporation act (*Pamph. L.* 1896, *p.* 305) if a copy of the writ of summons is left at the Jersey City office of the division superintendent with the chief clerk of such superintendent.

---

On rule to show cause.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the rule, *Collins & Corbin.*

*Contra, Brown & Beecher.*

The opinion of the court was delivered by

GARRISON, J.   This is an application to set aside the service of summons on a foreign corporation.   The pertinent statutory provision is section 88 of the Corporation act (*Pamph. L.* 1896, *p.* 305), which reads as follows:

"In all personal suits or actions hereafter brought in any court of this state, against any foreign corporation, process may be served upon any officer, director, agent, clerk or engineer of such corporation, either personally or by leaving a copy thereof at his dwelling-house or usual place of abode, or by leaving a copy at the office, depot or usual place of business of such foreign corporation."

It will be observed that of the three modes of service authorized by this act two provide for service upon an agent of the corporation—*first,* personally; *second,* at his dwelling-house.   We agree with counsel for the defendant that the clerk upon whom the writ was served in the present instance was not an agent of the corporation upon whom personal service could be made under either of the foregoing provisions.   *Erie Railroad Co.* v. *Van Allen, ante p.* 119. The third provision of the statute, however, authorizes service upon the corporation to be made by leaving a copy at the usual place of business of such foreign corporation.   In the present case the writ was handed to one Meyer in the Jersey City office of the division superintendent of the defendant, and a copy left there with him.   The office in question was the usual place of business of the defendant, and Meyer was the chief clerk of the division superintendent, whose office it was.   This service, therefore, was a full compliance with the third provision of the statute.   The argument, or rather the criticism, of the act, based upon the assumption that under this provision a summons might be served by leaving it at a railroad depot with a bootblack or newsboy requires no consideration in the decision of the

present case. Meyer was neither of these, but was the chief clerk of the division superintendent of the local division of the defendant, and hence came within the reasonable construction of the act, viz., that foreign corporations, knowing how writs of summons might be served upon them, would notify the chief of the clerical force of their division officers what to do in case service was made in accordance with the statute. This is, to say the least, a favorable construction for defendants, and is as far as we need to go in the present case.

The rule to show cause is discharged.